**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| Merry Ann Stewart, )<br>                                        )<br>            Plaintiff,      )<br>                                        )<br>    v.                            )<br>                                        )<br> Geriatric Practitioner Solutions, Inc. and )<br> Jerry A. Nettles, Jr.,     )<br>                                        )<br>            Defendants.   )<br>                                        )<br>                                        )<br>                                        ) | Civil Action No. 1:16-cv-00324-JMC<br><br><br><br>**ORDER FOR<br>DEFAULT JUDGMENT** |

This matter is before the court pursuant to Plaintiff Merry Ann Stewart's Motion for Entry of Default Final Judgment and Incorporated Memorandum of Law ("Motion for Entry of Default Final Judgment") against Defendants Geriatric Practitioner Solutions, Inc. and Jerry A. Nettles, Jr. (ECF No. 11.)  For the reasons set forth below, the court grants Plaintiff's Motion for Entry of Default Final Judgment.

On February 2, 2016, Plaintiff filed this action against Defendants seeking to recover unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).  Defendants failed to answer the Complaint, move in response to the Complaint, or otherwise defend within 21 days after service of process. (*See* ECF Nos. 6, 7.) Thereafter, Plaintiff requested entry of default on March 8, 2016, which the Clerk of Court properly entered in favor of Plaintiff on the same day.  On March 22, 2016, Plaintiff filed the instant Motion for Entry of Default Final Judgment seeking a declaration by the court that Plaintiff shall have and recover $12,083.34 in unpaid overtime wages, $12,083.34 in liquidated damages, $6,125.00 for attorney's fees and $466.00 in costs for a total judgment of $30,757.68.  (ECF No. 11.)

1

The court should accept all factual allegations set forth in the complaint as true when a defendant fails to respond and enters default. *See* Fed. R. Civ. P. 8(b)(6); *see also Direct TV, Inc. v. Rawlins*, 523 F.3d 218, 322 n.1 (4th Cir. 2009). Moreover, "a defendant in default concedes the factual allegations of the complaint." *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). In addition, the court has independent discretion to determine the appropriate amount of damages to be awarded to a party moving for default judgment. *E.g., Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999). However, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Furthermore, "under the FLSA, a district court may not exercise its discretionary authority to reduce or to eliminate a liquidated damages award unless the employer first sustains its burden of showing that its failure to obey the statute was in good faith." *See Nero v. Industrial Molding Corp.*, 167 F.3d. 921, 921 (5th Cir. 1999). Additionally, the court must award reasonable attorneys fees and costs to prevailing plaintiffs in proceedings seeking to enforce provisions of the FLSA. 29 U.S.C. § 216(b).

After a thorough review of the Complaint, Affidavit of Merry Ann Stewart (ECF No. 11-2), documentation reflecting service upon Defendants, and Plaintiff's Motion for Entry of Default Final Judgment, the court finds that Defendants willfully violated the FLSA by failing to pay Plaintiff for overtime wages earned while she was employed by Defendants in the total amount of $12,083.34. Furthermore, the court finds that Plaintiff is entitled to liquidated damages pursuant to 29 U.S.C. § 216(b) in the amount of $12,083.34 because Defendants have failed to respond or otherwise oppose the imposition of liquidated damages. Additionally, upon review of the Affidavit of John R. B. Long, Esq. (ECF No. 11-1) and Plaintiff's Motion for Entry of Default Final Judgment, the court finds that Plaintiff is entitled to recover reasonable attorneys

fees in the amount of $6,125.00 and $466.00 in costs for prevailing against Defendants in this proceeding which seeks to enforce provisions of the FLSA.

For the foregoing reasons, the court **GRANTS** Plaintiff's Motion for Entry of Default Final Judgment. The court further **ORDERS** that Plaintiff shall have and recover $12,083.34 in unpaid overtime wages, $12,083.34 in liquidated damages, $6,125.00 for attorney's fees, and $466.00 in costs from Defendants. Therefore, the court **DECLARES** final judgment in favor of Plaintiff for a total amount of $30,757.68.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 10, 2017
Columbia, South Carolina